**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA,**

                           **Plaintiff,**          14-CV-0554S(Sr)

v.

**$24,600.00 UNITED STATES CURRENCY,**

                           **Defendant.**

---

## REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #19.

The United States commenced this action by filing a Verified Complaint for Forfeiture of $24,600 U.S. currency seized from Ali A. Mussa ("claimant"), during execution of a search warrant at a deli owned by claimant. Dkt. #1. As a result of the criminal legal proceedings following that search, Mr. Mussa entered a plea of guilty to Trademark and Counterfeiting in the 3rd degree, a violation of New York Penal Law § 165.71. Dkt. #1.

The United States seeks forfeiture on the basis that the currency was furnished in exchange for controlled substances, subjecting it to forfeiture pursuant to 21 U.S.C. § 881(a)(6), and that the currency is traceable to the sale of counterfeit clothing, subjecting it to forfeiture pursuant to 18 U.S.C. § 2323(a)(1). Dkt. #1.

The United States served special interrogatories on claimant pursuant to Rule G(6) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions on August 22, 2014. Dkt. #13, ¶ 4. A 30 day extension of the deadline for responding to the special interrogatories was granted, but claimant failed to respond.

The United States served its First Set of Regular Interrogatories and a Document Production request on October 30, 2014. Dkt. #13, ¶ 5.

A Notice of Deposition was served on November 6, 2014. Dkt. #13, ¶ 6.

On November 25, 2014, the Assistant United States attorney sent claimant's counsel an e-mail reminding him of the outstanding discovery and the upcoming deposition. Dkt. #13, ¶ 6. On December 9, 2014, the Assistant United States Attorney sent claimant's counsel an e-mail advising that the deposition was cancelled pending receipt of discovery responses and that a motion to compel would be filed. Dkt. #13, ¶ 7.

The motion to compel was filed on December 23, 2014. Dkt. #13. By Text Order entered December 29, 2014, claimant was directed to respond to the motion by January 16, 2015. Dkt. #15. No response was filed.

By Notice of Motion filed June 4, 2015, the United States moved to strike claimant's answer and enter a judgment of default and order of forfeiture based upon

claimant's failure to prosecute his claim to the currency. Dkt. #16. By Text Order entered June 5, 2015, claimant was directed to respond to the motion by July 10, 2015. Dkt. #20. Counsel for claimant filed a motion for extension of time on July 10, 2015. Dkt. #21. That motion was granted. Dkt. #22. In response to the motion, counsel for claimant avers that he is unable to provide the government with the information it seeks because documents and merchandise seized during the execution of the search warrant have not been returned. Dkt. #23.

In reply, the United States argues that although many of the outstanding discovery demands can be answered without supporting documentation, claimant has failed to provide any response to its discovery demands. Dkt. #24, ¶ 12.

Claimant's response to the motion fails to establish good cause for his failure to respond to the United States' discovery demands. Claimant did not aver an inability to respond to specific interrogatories or document demands due to the seizure of certain documents but failed to respond to the interrogatories and discovery demands *in toto*. As a result of such failure, the United States' motion to compel (Dkt. #13), is denied as moot and it is recommended that the United States' motion to strike claimant's claim to the currency and enter a judgment of default and order of forfeiture (Dkt. #16), be granted. *See United States v. $19,764.00 in United States Currency,* No. 10CV573, 2011 WL 4899958 (W.D.N.Y. Aug. 12, 2011), *adopted by* 2011 WL 4896507 (W.D.N.Y. Oct. 14, 2011).

Therefore, it is hereby ORDERED pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72(b).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply with the provisions of Rule 72(b) may result in the District Judge's refusal to consider the objection.

The Clerk is hereby directed to send a copy of this Report, Recommendation and Order to the attorneys for the parties.

**SO ORDERED.**

DATED:	Buffalo, New York
	September 22, 2015

	_s/ H. Kenneth Schroeder, Jr._
	**H. KENNETH SCHROEDER, JR.**
	**United States Magistrate Judge**